KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

MICHAEL NAMMAR
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Michael.Nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00105 HG-01 |
| | ) | |
| Plaintiff, | ) | UNITED STATES' RESPONSE IN |
| | ) | OPPOSITION TO REQUEST FOR |
| vs. | ) | EARLY TERMINATION OF |
| | ) | PROBATION; CERTIFICATE OF |
| LIANE WILSON, | ) | SERVICE |
| aka Liana Shanti, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

UNITED STATES' RESPONSE IN OPPOSITION TO
REQUEST FOR EARLY TERMINATION OF PROBATION

The United States hereby responds to Defendant Liane Wilson's request for

early termination of probation (Doc. 140), filed on June 2, 2025.   Defendant is on

probation after pleading guilty to concealment of bankruptcy assets, in violation of

Title 18, United States Code, Section 152(1).   Defendant admitted in her plea

agreement to concealing $42,000 from the United States Bankruptcy Court that

originated from the sale of a five-carat diamond ring.   Doc. 43 at 4-5.   Defendant

has served approximately 42 months of her 60-month term of probation.   During

the Defendant's term of probation, the Court has received numerous concerning

reports from individuals in the community concerning online counseling session

offered by the Defendant.   *See, e.g.*, Doc. 80.   United States Probation and

undersigned counsel have in recent weeks received multiple complaints concerning

Defendant's counseling sessions.   These complaints include allegations that

Defendant has defrauded individuals out of significant amounts of money.   Given

this background, the United States respectfully requests that this Court deny

Defendant's request.

Defendant argues that her supervised release should be terminated pursuant

to 18 U.S.C. § 3564(c).   Under the statute, a court may, after considering the

factors set forth in 18 U.S.C. § 3553(a), terminate probation "if it is satisfied that

such action is warranted by the conduct of the defendant and the interest of

justice."   18 U.S.C. § 3564(c).   The relevant factors under 18 U.S.C. § 3553(a)

are: (1) the nature and circumstances of the offense and the history and

characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the

need to provide the defendant with educational, vocational training, medical care, or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the United States Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.   *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), (a)(4), (a)(5), (a)(6), and (a)(7).   The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination.   *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).   In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily.   *United States v. Emmett*, 749 F.3d 817, 821–22 (9th Cir. 2014).

Defendant's underlying fraud on the United States Bankruptcy Court paired with the allegations that Defendant has, while on probation, defrauded others in the community, suggests that the Defendant could benefit from a longer period of supervision.   After considering the relevant factors set forth in 18 U.S.C. § 3553(a), especially the nature and circumstances of Defendant's prior offense,

3

deterrence, and the protection of the public, this Court should deny Defendant's request.

Dated:   June 18, 2025, at Honolulu, Hawaii.

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

By:   */s/ Michael Nammar*
MICHAEL NAMMAR
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly

served upon the following persons at their last known address:

Electronically Via CM/ECF:

ANDREW M. KENNEDY
andrew@kona-lawyer.com

Attorney for Defendant
LIANE WILSON


DATED:   June 18, 2025, at Honolulu, Hawaii.


/s/ Rowena Kang
U.S. Attorney's Office
District of Hawaii